IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FILED
SEP 0 5 2017
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

DORIS HUGHES, )
VS. )
JOSE RAYMON, RYAN )
NUNLEY, JEFFERY WHITING, ) CASE NO. 17-CV-947-NJR-RJD
TOUETTE REGION HOSPITAL )
AND BARNES-JEWISH HOSPITAL )

## CIVIL RIGHTS COMPLAINT

THIS CIVIL RIGHTS COMPLAINT IS BEING BROUGHT BEFORE THIS HONORABLE COURT IN REGARD TO THE ISSUE OF THE DEFENDANTS SUBJECTING HER TO AN EIGHTH VIOLATION OF HER UNITED STATES CONSTITUTIONAL BY SUBJECTING HER [PLAINTIFF] TO SEVERE PAIN AND SUFFER AND PHYSICAL BODILY HARM BASED ON A DEFECTIVE "STRYKER HIP IMPLANT" DEVICE.

### I. BACKGROUND

THE PLAINTIFF DORIS HUGHES WAS IMPROPERLY SUBJECT TO A DEFECTIVE STRYKER HIP IMPLANT DEVICE IN 2009 WHEN DEFENDANT JOSE RAYMON PLACED IN HER LEFT HIP. THE DEVICE WAS MADE BY DEFENDANT STRYKER AND RECALLED WHEN IT WAS NOTED BEING DEFECTIVE. DEFENDANT RYAN NUNLEY CONDUCTED A SECOND OPERATION UPON PLAINTIFF DUE TO THE STRYKER DEVICE CAUSING HER HARM. THE DEVICE WAS PUT IN HER AT BARNES JEWISH HOSPITAL AND NOT REMOVED BY DEFENDANT AT TOUETTE REGION HOSPITAL. DEFENDANT JEFFERY WHITING SAW PLAINTIFF AND FAILED TO ORDER THE STRYKER BE REMOVED IMMEDIATELY FROM HER HIP. WHEN THE DEFECTIVE DEVICE WAS NOT REMOVED, A CONSTITUTIONAL RIGHT WAS ABRIDGED BY ALL THE DEFENDANTS.

-1-

ALL OF THE DEFENDANTS KNEW OR SHOULD HAVE KNEW THAT THE "STRYKER HIP IMPLANT" WAS "RECALLED" TO "BE REMOVED" FROM ALL PARTIES WHOM HAD IT PUT IN THEIR HIP BY A MEDICAL SURGERY BEING PERFORMED... BUT THEY INTENTIONALLY FAILED TO REPLACE THE ONE IN THE PLAINTIFF'S HIP TO DEFINITELY SUBJECT HER TO PHYSICAL INJURY AND PAIN AND SUFFERING.

HER EIGHT AMENDMENT RIGHTS WERE VIOLATED TO SUBJECT HER PERMANENT PHYSICAL DAMAGES.

## II. PARTIES INVOLVED

1. PLAINTIFF DORIS HUGHES CAN BE REACHED AT 873 MILDRED STREET IN CAHOKIA, ILLINOIS 62206.

2. DEFENDANT JOSE RAYMOND CAN BE REACHED AT 5800 BOND AVE IN CENTREVILLE, ILLINOIS 62207.

3. DEFENDANT RYAN NUNLEY CAN BE REACHED AT ONE MEMORIAL DRIVE, ST. LOUIS, MISSOURI 63115.

4. DEFENDANT JEFFERY WHITING CAN BE REACHED AT 1755 SOUTH GRAND AVE, ST. LOUIS, MISSOURI 63115.

5. DEFENDANT TOUETTE REGION HOSPITAL CAN BE REACHED AT 5800 BOND AVE, CENTREVILLE, ILLINOIS 62207.

6. DEFENDANT BARNES-JEWISH HOSPITAL CAN BE REACHED AT ONE MEMORIAL DRIVE, ST. LOUIS, MISSOURI 63115.

THUS, ALL OF THE ABOVE-NAMED DEFENDANTS WERE PERSONAL INVOLVED IN VIOLATING PLAINTIFF'S EIGHTH AMENDMENT RIGHTS TO SUBJECT HER TO PAIN AND SUFFERING, SEVERE BODILY HARM, AND CRUEL AND USUAL PUNISHMENT, AND THEREBY, THEY MUST BE HELD LIABLE.

-2-


## STATEMENT OF FACTS

1. THAT DEFENDANT STRYKER WAS DECLARED "DEFECTIVE" TO BE RECALLED TO SHOW THAT THE HIP IMPLANT WAS NOT WORKABLE. THE MEDICAL DEVICE WAS USED IN "JOINT REPLACEMENT" AND A TRAUMA SURGERY HAD TO BE PERFORMED TO PUT IN PLAINTIFF'S LEFT HIP IN 2009.

2. THAT DUE TO THE DEVICE NOT BEING REMOVED FROM HER HIP, SHE HAS BEEN SUBJECTED TO PAIN AND SUFFERING AND CRUEL AND UNUSUAL PUNISHMENT.

IMPORTANTLY, SHE HAS EXPERIENCED THE FOLLOWING SYMPTOMS TO SHOW SHE HAS A CONSTITUTIONAL CLAIM THAT CAN BE HEARD IN THIS COURT TO GRANT HER RELIEF AS A MATTER OF LAW:

   A. INFLAMMATION IN HER HIP AND THROUGHOUT HER BODY
   B. A LOSS OF MOBILITY IN HER HIP.
   C. A REDUCEMENT RANGE OF MOTION.
   D. A JOINT INSTABILITY IN HER HIP.
   E. A SEVERE PAIN IN THE AREA OF THE HIP IMPLANT.
   F. A SLIPPING FEELING IN HER HIP TO CAUSE HER TO FALL OFF BALANCE AND BE SUBJECTED TO PAIN AND SUFFERING.

3. THAT THE DEFENDANT STRYKER KNOW THAT THE DEFECTIVE HIP IMPLACEMENT CAN SUBJECT PLAINTIFF TO A "METAL POISON" AND POTENTIALLY DAMAGING HER HIP BONE AND SOFT TISSUE

-3-

IN THE AREA OF THE JOINT AND IMPLANT.

4. THAT DUE TO THE DEVICE BEING DEFECTIVE, IT HAS CREATED SEVERLY PAIN AND SUFFERING TO PLAINTIFF. IT HAS SEVERELY CAUSED A "PSYCHOLOGICAL STATUS CHANGE IN HER TO MAKE HER DISTRESS, LOSS WEIGHT, EXPERIENCE SO MUCH SEVERE PAIN IN HER HIP.

5. THAT THE STRYKER WAS "RECALLED" AND THE WARNING(S) OF THE DEFECTIVE DEVICE WAS NOTED BY DEFENDANTS SKYKER. NONE OF THE DEFENDANTS TOLD PLAINTIFF THAT IT WAS DEFECTIVE AND RECALLED, AND THEREFORE, THEY MUST BE HELD LIABLE FOR ALLOWING THE DEFECTIVE DEVICE TO STAY IN HER HIP TO DAMAGE HER PERMANENTLY AND SUBJECT HER TO PAIN AND SUFFERING

THUS, THEY CREATED A DEFECTIVE DEVICE THAT INJURED HER AND DISFIGURED HER.

6. THAT DEFENDANT JOSE RAYMON WAS THE DOCTOR WHO PUT THE DEFECTIVE STRYKER IN THE PLAINTIFF'S HIP AND FAILED TO CONTACT HER AFTER THE DEVICE WAS RECALLED TO PROPERLY AND MEDICALLY REMOVE IT FROM HER HIP.

IMPORTANTLY, HE KNEW OR SHOULD KNOWN ABOUT THE DEVICE BEING DEFECTIVE AND RECALLED BY SKYKER BASED ON THE FACT

-4-

that he put it in the plaintiff at the time of the operation. He purposely failed to contact her to advise her of the defective device. He intentionally and deliberately failed to protect her by not calling her to his office or the hospital where he put the device in her hip to tell her that it had to be removed.

Therefore, he must be held liable for subjecting the plaintiff to a defective device that caused her permanently injuries, pain and suffering, as well as disfigurement.

6. That defendant <u>Ryan Nuncey</u> was the doctor who conducted the "<u>Second Operation</u>" due to the defective Stryker causing the plaintiff severe pain and he had to note the device in her hip to properly remove it to stop the injury that the device was subjecting her to... But he intentionally failed to remove it.... and/or failed to advise her that the device must be removed to subside the injury that it was causing her. He intentionally failed to perform the proper medical care to her by not removing the defective

-5-

DEVICE. HE KNEW OR SHOULD HAVE KNOWN THAT HE SHOULD HAVE REMOVED THE DEVICE WHEN HE DID THE OPERATION ON PLAINTIFF BASED ON HE KNEW OR SHOULD HAVE KNOWN THE DEVICE WAS RECALLED BASED ON IT WAS DEFECTIVE. HE LEFT THE DEFECTIVE DEVICE IN HER INTENTIONALLY AFTER HE CONDUCTED THE OPERATION, AND THEREFORE, HE MUST BE HELD LIABLE FOR LEAVING THE DEFECTIVE DEVICE IN HER.

7. THAT THE TWO HOSPITAL [BARNES AT TOULETTE] WHERE THE DEFECTIVE DEVICE WAS PUT IN HER AND DELIBERATELY NOT REMOVED MUST BE HELD LIABLE BASED ON THE ISSUES OF PUTTING THE DEFECTIVE DEVICE IN HER AND NOT REMOVING IT FROM HER HIP MUST BE HELD LIABLE BASED ON THE TWO ISSUES OCCURRED IN THEIR MEDICAL JURISDICTION TO CAUSE HER BODILY HARM.

8. THAT PLAINTIFF WENT TO THE HOSPITAL NUMEROUS TIMES DUE TO THE DEFECTIVE DEVICE CAUSING HER PAIN AND SUFFERING AND DISFIGUREMENT.

9. THAT DEFENDANTS NAMED HEREIN WHERE ACTING IN THE COLOR OF STATE LAW WHEN THEY SUBJECTED PLAINTIFF TO A DEFECTIVE DEVICE, FAILED TO REMOVE IT FROM HER HIP, FAILED TO ADVICE HER OF IT BEING DEFECTIVE DEVICE AND THE BODILY HARM IT

-6-

WOULD CAUSE TO HER BY IT NOT BEING REMOVED FROM HER BODY, AND THE BODILY HARM IT WOULD SEVERELY CAUSE HER TO BE PERMANENTLY HARM AND SUBJECTED TO PAIN AND SUFFERING.

10. THAT PLAINTIFF HAS ASSERTED A CONSTITUTIONAL CLAIM UNDER THE EIGHTH AMENDMENT TO GRANT HER RELIEF BY THIS COURT.

## IV. RELIEF SOUGHT

1. TRIAL BY JURY ON ALL TRIABLE ISSUES STATED HEREIN.

2. GRANT THE CORRECT SURGERY TO PLAINTIFF TO REMOVE THE DEFECTIVE HIP IMPLANT DEVICE FROM HER HIP... SO HER PAIN AND SUFFERING CAN SUBSEDE.

3. GRANT HER $10,000,000 FROM EACH DEFENDANT IN REGARD TO INFLICTING PAIN AND SUFFERING UPON PLAINTIFF IN COMPENSATION, PUNITIVE, MENTAL AND PHYSICAL DAMAGES FOR THE LEGAL CLAIMS STATED IN THE BODY OF THIS LAWSUIT.

4. GRANT HER $10,000,000 FROM EACH DEFENDANT FOR SUBJECTING HER TO A DEFECTIVE DEVICE AND NOT REMOVING IT FROM HER HIP WHEN THEY KNEW IT WOULD CAUSE HER MENTALLY AND PHYSICAL HARM.

5. GRANT ANY OTHER RELIEF THAT THIS COURT MAY DECLARE DEEM AND JUST AS A MATTER OF LAW.

*Doris Hughes*
DORIS HUGHES
873 MISSED STREET
CAHOKIA, IL 62206

-7-

IN THE UNITED STATES DISTRICT COURT
OF THE SOUTHERN DISTRICT OF ILLINOIS

DORIS HUGHES, )
   PLAINTIFF, )
VS. )    CASE NO. 17-CV-947-NJR-RJD
)
)
)
)

NOTICE OF FILING

NOW COMES, PLAINTIFF, DORIS HUGHES, APPEARING PRO SE, AND ASKS THIS COURT TO NOTE THAT ON 5TH DAY OF SEPTEMBER, 2017, SHE RENDERED THE NOTICE OF FILING TO THE CLERK OF THE COURT.

RESPECTFULLY SUBMITTED,

/s/ Doris Hughes
DORIS HUGHES
873 MILDRED STREET
CAHOKIA, IL 62206