IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DORIS HUGHES, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) Case No. 17-CV-947-NJR-RJD ) |
| JOSE RAYMON, RYAN HUNLEY, JEFFREY WHITING, TOUCHETTE REGIONAL HOSPITAL, and BARNES-JEWISH HOSPITAL, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

On September 5, 2017, Doris Hughes ("Hughes") filed a *pro se* complaint naming Jose Raymon, Ryan Hunley, Jeffrey Whiting, Touchette Regional Hospital and Barnes-Jewish Hospital as defendants (Doc. 2). Hughes has also filed a motion and affidavit seeking leave to proceed *in forma pauperis* ("IFP") (*See* Docs. 3 & 4), a Motion for Service of Process at Government Expense (Doc. 5), and a Motion for Appointment of Counsel (Doc. 7).

Section 1915 is meant to ensure that indigent litigants have meaningful access to the federal courts, and it applies to non-prisoner plaintiffs and prisoners alike. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Floyd v. United States Postal Serv.*, 105 F.3d 274, 275-77 (6th Cir. 1997) (overruled on other grounds) ("[T]he only logical interpretation of the statute is that non-prisoners have the option to proceed *in forma pauperis* under § 1915(a)."). Under Section 1915, an indigent party may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting

inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

The Court's inquiry does not end there, however, because Section 1915(e)(2) requires careful threshold scrutiny of the complaint filed by a plaintiff seeking to proceed IFP. A court can dismiss a case if the court determines that the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). Thus, resolution of the motion for IFP requires the undersigned District Judge to review the allegations of the complaint.

In reviewing the complaint filed by Hughes, the undersigned is cognizant of the imperative that courts construe *pro se* claims generously. *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). The Court accepts the factual allegations as true, liberally construing those allegations in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013). Conclusory statements and labels are not enough. The complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 421 (7th Cir. 2013). An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

According to the allegations within the complaint, Defendants subjected Hughes to severe pain and suffering in violation of the Eighth Amendment when they placed

into her hip (or failed to remove from her hip) a defective Stryker implant device. Hughes alleges that Defendant Jose Raymon put the defective implant in her hip at Barnes Jewish Hospital in 2009 and failed to contact her after the device was recalled to properly remove it. Hughes alleges that Ryan Hunley conducted a second operation at Touchette Regional Hospital and intentionally failed to remove the implant. Hughes alleges that all defendants "where[sic] acting in the color of state law when they subjected [Hughes] to a defective device, failed to remove it from her hip, failed to advice[sic] her of it being defective device and the bodily harm it would cause to her by it not being removed from her body, and the bodily harm it would severely cause her to be permanently harm[sic] and subjected to pain and suffering." (Doc. 2, p. 6-7). Hughes asks the Court for injunctive relief in the form of a court order that orders surgery to remove the device and awards her damages in the amount of ten million dollars from each defendant.

Hughes alleges in a conclusory manner that Defendants were acting under the "color of state law" (Doc. 2, p. 6). The Constitution prevents the government from taking certain actions against individuals; it does not generally prevent individuals, acting as private citizens, from taking certain actions against others. Thus, claims which seek to vindicate federal constitutional rights are asserted against individuals who act under the color of state law for purposes of a Section 1983 action. *See* 42 U.S.C. § 1983. Unless an individual's conduct includes some assertion of actual or apparent authority granted by the state, he or she cannot be said to have acted under the color of state law. *See West v. Atkins*, 487 U.S. 42, 49-50 (1988) ("The traditional definition of acting under color of state

law requires that the defendant . . . exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.") (internal quotation marks omitted).

Hughes does not state a plausible claim for violations of her constitutional rights by persons acting under the color of state law. None of the facts alleged in her complaint support that conclusion or suggest that these defendants, which are private individuals and entities, might be considered state actors for purposes of Section 1983.

In addition to the named defendants, the narrative of events also seems to implicate Stryker. To the extent Hughes seeks to allege a product liability claim against Stryker along with medical negligence claims against the named defendants, jurisdiction appears to be lacking because the citizenship of the parties is not diverse (*See* Doc. 2, p. 2). The diversity jurisdiction statute provides that district courts have subject-matter jurisdiction over civil actions that are between parties that are citizens of different states. *See* 28 U.S.C. § 1332(a). Diversity of citizenship exists only when no plaintiff and no defendant are citizens of the same state.

Accordingly, because the Court finds that Hughes's allegations do not state a plausible claim for relief, the Motion for Leave to Proceed *in forrma pauperis* (Doc. 3) is **DENIED**, and this action is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B). All pending motions are **DENIED as moot**.

Out of an abundance of caution, the Court advises Hughes as follows. If Hughes wishes to contest this Order, she has two options. She can ask the Seventh Circuit to

review the Order, or she can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Hughes chooses to go straight to the Seventh Circuit, she must file a notice of appeal *within 60 days* from the entry of judgment or order appealed from. FED. R. APP. P. 4(a)(1)(B). The deadline can be extended for a short time only if Hughes files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C); *see also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

On the other hand, if Hughes wants to start with the undersigned, she should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within twenty-eight (28) days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001); *see also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 60-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 60 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor,* 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Hughes showing excusable neglect or good cause.

If Hughes chooses to appeal to the Seventh Circuit, she can do so by filing a notice of appeal in this Court. FED. R. APP. P. 3(a). The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Hughes cannot afford to pay the entire filing fee up front, she must file a motion for leave to appeal *in forma pauperis* ("IFP motion"). *See* FED. R. APP. P. 24(a)(1). The IFP motion must set forth the issues Hughes plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If she is allowed to proceed IFP on appeal, she will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). She will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

**IT IS SO ORDERED.**

**DATED:   November 29, 2017**

> s/ Nancy J. Rosenstengel_____
> **NANCY J. ROSENSTENGEL**
> **United States District Judge**